IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TINA J. WALKER, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF FREMONT, a political subdivision of the State of Nebraska; | ) ) ) | |
| SCOTT GETZSCHMAN, in his official capacity as mayor and individually; | ) ) ) | **COMPLAINT AND JURY DEMAND** |
| BRIAN NEWTON; in his official capacity as city administrator and individually; | ) ) ) | |
| SHANE WIMER, in his official capacity as assistant city administrator and individually; and | ) ) ) ) | |
| JOHN DOES 1-10 | ) ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Tina J. Walker, by and through her attorneys, and for her causes of action against the Defendants hereby states the following:

**PARTIES-VENUE-JURISDICTION**

1. Plaintiff Tina J. Walker ("Plaintiff" or "Walker"), at all relevant times alleged herein was a resident of Fremont, Dodge County, Nebraska, and an employee of Defendant City of Fremont ("Fremont").

2. At all times relevant, Defendant Fremont has continuously been a political subdivision doing business in the State of Nebraska and in the City of Fremont, Nebraska.

3. At all relevant times hereto, Defendant Scott Getzschman ("Getzschman") was a

1

resident of Fremont, Dodge County, Nebraska and Plaintiff's supervisor under the elected title of Mayor of the City of Fremont. He is sued both individually and in his capacity as an employee, agent or servant of the City of Fremont.

4. At all relevant times hereto, Defendant Brian Newton ("Newton") was a resident of Fremont, Dodge County, Nebraska and Plaintiff's supervisor under the appointed title of the City Administrator of the City of Fremont. He is sued both individually and in his capacity as an employee, agent or servant of the City of Fremont.

5. At all relevant times hereto, Defendant Shane Wimer ("Wimer") was a resident of Fremont, Dodge County, Nebraska and Plaintiff's supervisor under the appointed title of the Assistant City Administrator-City of the City of Fremont. He is sued both individually and in his capacity as an employee, agent or servant of the City of Fremont.

6. Defendants, JOHN DOES 1-10, at all times relevant hereto, are individuals or entities that were either considered by the operation of law to be Plaintiff's employer or that may be liable in this matter but their identities are currently unknown to Plaintiff and will be subject to further discovery in this matter.

7. This Court has original jurisdiction over the claims arising under Federal law and concurrent jurisdiction over the state law claims. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and the Court's pendent claim jurisdiction under 28 U.S.C. §1367(a).

8. Venue is appropriate in this District under 28 U.S.C. §§1391(b) and (c).

9. To the extent require by law, Plaintiff sent appropriate notice of her claims to Defendant Fremont by certified mail to its City Clerk on or about September 10, 2018. On or about August 19, 2019, Plaintiff formally notified the City Clerk of Defendant Fremont by certified letter of her intention to withdraw her claim and proceed judicially in the appropriate

court of law.

10. On or about April 20, 2018, Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission (NEB 1-17/18-5-49592-RD) and the U.S. Equal Opportunity Commission (EEOC 32E-2018-00490) claiming gender discrimination and retaliation. On or about May 27, 2019, less than 90 days prior to the filing of this Complaint, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on charge number 32E-2018-00490. Plaintiff has not received a Notice of Right to Sue from the Nebraska Equal Opportunity Commission for the for the corresponding state law charge number NEB 1-17/18-5-49592-RD.

11. On or about May 8, 2018, Plaintiff filed a charge of whistleblower discrimination under state law with the Nebraska Equal Opportunity Commission, charge number NEB 1-17/18-5-49593-S. Plaintiff's charge was amended on June 14, 2019, and as of the date of this filing was still under investigation. Plaintiff intends to amend this Complaint to include her whistleblower claims under state law upon receipt of her Right to Sue letter from the NEOC.

12. On or about June 26, 2019, Plaintiff filed another charge of discrimination with the Nebraska Equal Opportunity Commission (NEB 1-18/19-6-50584-RS) and the U.S. Equal Opportunity Commission (EEOC 32E-2019-00576) claiming gender discrimination, disability discrimination and retaliation under both federal and state laws. At the time of filing of this Complaint, the NEOC and EEOC's investigation into Plaintiff's claims under federal and state laws are still pending. Plaintiff intends to amend this Complaint to include her claims under federal and state law upon receipt of her Right to Sue letters regarding the same.

## FACTUAL BACKGROUND

13. Walker commenced employment with Defendants on July 22, 2016, and was most

3

recently employed as Library Director for the City of Fremont.

14. Beginning in or about July 2017, Walker was harassed by her supervisor, Defendant Newton. Newton would constantly touch Walker on the arm or put his hand on her shoulder, even when she told him it was unwanted. During work meetings, Newton would treat Walker in a disrespectful way by talking over her, by telling her not to speak, and by making decisions for her department that she should have been making. This harassment continued until October 2017.

15. On September 12, 2017, during a City Council meeting, Walker reported to the Council Members that Newton had lied to the City Council and violated the City's Union Contract.

16. On September 13, 2017, during a city staff meeting, Defendant Getzschman started the meeting by disparaging Walker and accusing her of lying about the library budget, savings, accreditation, and other areas related to the library. The staff then spent 45 minutes disparaging Walker during the meeting. Walker was not present for the meeting, but was told about the event by a concerned co-worker. Getzschman had never disparaged another employee in this way during a city staff meeting while Walker was in attendance.

17. On September 13, 2017, Defendant Wimer, at Newton's direction, verbally reprimanded Walker for addressing the City Council and making her statements about Newton's conduct. Wimer told Walker that Getzschman was "pissed" at her, and that she was not to speak to the City Council during a meeting, unless Walker was called upon to speak.

18. On September 18, 2017, Walker filed a written complaint of gender discrimination and retaliation against Newton and Getzschman with the City Attorney, Paul Payne. An Omaha law firm, Baird Holm, was brought in to investigate Walker's complaint.

4

During an interview with one of Baird Holm's attorneys, Walker was told that she would receive a copy of the interview and that someone would get back to her about the outcome of the investigation. As of the time of this filing, no one representing any of the Defendants has ever gotten back with Walker about the investigation into her complaint. Walker heard from other employees that Newton was placed on a performance improvement plan following her complaint.

19. In October 2017, Defendant Wimer became Walker's supervisor. Wimer verbally disciplined Walker in November 2017 for discussing issues her department was having with Information Technology (IT). Wimer wore his police uniform and gun while he was disciplining Walker, even though he had been previously instructed by City Attorney Payne not to do so. Payne told Wimer that wearing his police uniform and gun was intimidating and not appropriate while performing his assistant city administrator duties.

20. On or about January 11, 2018, Walker received a cost of living raise, while Newton, Wimer, and Human Resource Manager, John Hemschemeyer all received raises substantially higher than Walker. This was during the time Newton was allegedly on a PIP, and Hemschemeyer was forced to resign due to inappropriate conduct.

21. On or about February 9, 2018, Wimer gave Walker a negative performance evaluation. Prior to this evaluation, Wimer had told Walker verbally that she did outstanding work. Walker disagreed with the negative evaluation, and Wimer stated he would review it and make changes.

22. On or about February 13, 2018, a copy of Walker's negative performance evaluation was left in the copy machine, and everyone on the floor was able to review it.

23. On or about February 14, 2017, Wimer changed his mind, stating that he would

not be changing anything on the evaluation. Wimer told Walker that Newton did not have any input in the evaluation, but Getzschman did. Wimer also said that if Newton offered input, that he would have taken it.

24. On or about February 15, 2018, Newton left a copy of Baird Holm's investigation summary into Walker's complaint on the copier, and everyone on the floor was able to review it. Walker had been told by Human Resources and Baird Holm that Newton would not have access to her interview in the investigation documentation.

25. On February 20, 2018, Walker's attorney sent an email letter to H.R. Director, Jennifer McDuffee, that (1) informed her that Walker had retained an attorney to represent her in employment claims against the City of Fremont, (2) requested that the City of Fremont, Newton and Wimer cease and desist from any further retaliation against Walker, (3) notified her that Walker was filing a Charge of discrimination and retaliation with the EEOC/NEOC and (4) notified her of anticipated litigation and the duty to preserve all relevant evidence. This email letter was also copied to Getzschman, Newton and Wimer. Based upon her best information and belief, Defendants have not been preserving all relevant evidence.

26. On February 28, 2018, Wimer sent Walker an email with another revised performance evaluation and requested that Walker return it with her goals and comments by 5pm the next day. The revised performance evaluation was even more negative than the first two she was given by Wimer before he had received the letter from Walker's attorney.

27. Walker alleges that subsequent to February 28, 2018, Defendants have continued to discriminate against her due to her gender and disability and retaliate against her for participating in the protected activity of making complaints of discrimination and filing EEOC and NEOC charges of discrimination. Walker reserves the right to amend this pleading to allege

facts relevant to her claims currently under investigation by the EEOC and NEOC and not pled herein due to the procedural requirement to exhaust her administrative remedies before filing said claims.

28. Throughout her employment with Defendants, Plaintiff's job performance was above satisfactory.

29. As a result of Defendants' wrongful conduct, Plaintiff suffered lost wages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

## COUNT I

## SEX DISCRIMINATION

## 42 U.S.C. § 2000e-2

30. Plaintiff hereby incorporates paragraphs 1 through 29 as if fully set forth herein and states:

31. Defendant discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her sex in violation of Title VII by treating her differently than similarly-situated male coworkers.

32. Plaintiff suffered adverse action, including but not limited to harassment, unequal pay and disciplinary action.

33. Plaintiff's sex was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

34. The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by their conduct Defendants are subject to punitive damages.

35. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

## COUNT II

## RETALIATION

## 42 U.S.C. § 2000e-3

36. Plaintiff hereby incorporates paragraphs 1 through 35 as if fully set forth herein and states:

37. During her employment, Plaintiff engaged in protected activity, including but not limited to exercising her rights under Title VII by complaining about sex discrimination.

38. Defendants took adverse employment action against Plaintiff, including but not limited to subjecting her to harassment, intimidation, unequal pay and disciplinary actions.

39. There is a causal connection between Plaintiff's participation in protected activity and Defendants' adverse action against her.

40. The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by their conduct, Defendants are subject to punitive damages.

41. As a result of Defendants' retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT III

## VIOLATIONS OF THE EQUAL PAY ACT

## 29 U.S.C. § 206(d)(1) et seq.

42. Plaintiff hereby incorporates paragraphs 1 through 41 as if fully set forth herein and states:

43. Defendants employed the Plaintiff and one or more members of the opposite sex in positions requiring substantially equal skill, effort, and responsibility;

44. Plaintiff and one or more members of the opposite sex performed their positions under similar working conditions;

45. Plaintiff was paid a lower wage than the members of the opposite sex were performing substantially equal work under similar working conditions.

46. As a result of Defendants' wrongful conduct, Plaintiff suffered damages.

## COUNT IV

## VIOLATION OF THE FIRST AMENDMENT

## 42 U.S.C. §1983

47. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein and states:

48. Plaintiff's speech and freedom of assembly was protected by the First Amendment.

49. Defendants took retaliatory adverse action against Plaintiff related to her employment.

50. Plaintiff's protected speech and freedom of assembly was a substantial or motivating factor in the Defendants' decision to take the retaliatory adverse action against

Plaintiff.

51. The unlawful employment practices complained of above were malicious, intentional or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by their conduct Defendants are subject to punitive damages.

52. As a result of Defendants' wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT V

### Violation of Article I, sections 5 and 19 of the Nebraska Constitution

53. Plaintiff hereby incorporates paragraphs 1 through 52 as if fully set forth herein and states:

54. Plaintiff's speech and assembly were protected by Article I, sections 5 and 19 of the Nebraska Constitution.

55. Defendants took retaliatory adverse action against Plaintiff related to her employment.

56. Plaintiff's protected speech and freedom of assembly was a substantial or motivating factor in the Defendants' decision to take the retaliatory adverse action against Plaintiff.

57. The unlawful employment practices complained of above were malicious, intentional or recklessly indifferent to Plaintiff's rights as protected by state law, and by its conduct Defendants are subject to punitive damages payable to the Nebraska Common Schools Fund.

58. As a result of Defendants' wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT VI

## WRONGFUL TERMINATION IN VIOLATION

## OF NEBRASKA PUBLIC POLICY

59. Plaintiff hereby incorporates by reference paragraphs 1 through 58 and states:

60. During her employment, Plaintiff participated in one or more protected activities arising under Nebraska law, including but not limited to refusing and opposing violations of state and local laws, hiring an attorney to pursue legal claims and refusing to participate in the commission of a crime.

61. A causal link existed between adverse employment action by Defendants and Plaintiff's participation in said protected activities.

62. As a result of Defendants' retaliatory conduct, Plaintiff has suffered damages in the form of lost wages and benefits, loss of future pay and benefits, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter.

## DAMAGES

63. Plaintiff hereby incorporates by reference paragraphs 1 through 62 and states:

64. As a result of Defendants' discrimination and retaliation, Plaintiff has suffered damages and seeks the following relief:

    a. Back pay and lost benefits in an amount subject to discovery;

b. Front pay including retirement and other benefits;

c. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

d. Punitive damages payable to the Nebraska Common Schools Fund for Defendants' actual malice or reckless indifference to Plaintiff's state protected rights;

e. Punitive damages under Federal law;

f. Attorney's fees, expert witness fees and other reasonable costs; and,

g. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for all her general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated: August 20, 2019.

TINA J. WALKER, Plaintiff

BY: /s/ Jennifer Turco Meyer
Jennifer Turco Meyer, #23760
Of Dyer Law, P.C., LLO
10730 Pacific Street, #111
Omaha, Nebraska 68114
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com
Attorney for Plaintiff