IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TINA J. WALKER,<br><br>                Plaintiff,<br><br>      vs.<br><br>CITY OF FREMONT, a political subdivision of the State of Nebraska; SCOTT GETZSCHMAN, in his official capacity as mayor and individually; BRIAN NEWTON, in his official capacity as city administrator and individually; and SHANE WIMER, in his official capacity as assistant city administrator and individually;<br><br>                Defendants. | **8:19CV356**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants' motion to dismiss for failure to state a claim, Filing No. 18, and on plaintiff's motion to file a second amended complaint, Filing No. 21. Plaintiff filed this action seeking relief for employment related and civil rights claims against these defendants.[1] The plaintiff served as the Library Director for the City of Fremont, Nebraska. The parties oppose each other's motions. This Court previously granted plaintiff's motion to file an amended complaint on April 6, 2020. Filing No. 17. Thereafter, defendants filed this motion to dismiss and plaintiff filed her second motion to amend her complaint.

---

[1] For a recitation of the facts, see Court's Memorandum and Order, Filing No. 16 at 2-3.

1

Defendants argue plaintiff has no right to amend her complaint under Fed. R. Civ. P. 15(a) since it refers to amending once as a matter of course.  Plaintiff has already so amended.  *See Williams v. Reynor Rensch & Pfieffer*, Case No. 8:11CV466, 2014 WL 197805, at *2 (D. Neb. Jan. 14, 2014) (Rule 15(a)(1) is inapplicable when the plaintiff has previously amended [her] complaint).  The Court agrees this is not a ground for her to amend.

Defendants also contend that plaintiff should not be permitted to amend under Fed. R. Civ. P. 15(a)(2) by leave of court as the proposed amendments are futile. Plaintiff disagrees that her amendments are futile or "advance a claim or defense that is legally insufficient on its face." *Williams v. Little Rock Mun. Waterworks*, 21 F.3d 218, 225 (8th Cir. 1994) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil, #1487, at 637 (1991)).  Defendants argue that some of plaintiff's claim have not been exhausted with the EEOC or NEOC and some of the facts occurred since she filed her amended complaint.

"Whether to permit a plaintiff to amend its complaint is a matter committed to a court's 'sound discretion.'" *Zola v. TD Ameritrade, Inc.*, 172 F. Supp. 3d 1055, 1072 (D. Neb. 2016).  "Federal Rule of Civil Procedure 8 requires that a complaint present a short and plain statement of the claim showing that the pleader is entitled to relief." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  The Court agrees that plaintiff shall not be permitted to amend new claims, not previously determined by the administrative exhaustion requirements.  *See Smith v. Pay Pal, Inc.*, Case No. 8:12-cv-226, 2013 WL 2444032 at *9 (D. Neb. June 4, 2013) ("Thus, to the extent that the Complaint includes claims based on events that occurred after Plaintiff returned from

leave, those claims must be dismissed without prejudice due to Plaintiff's failure to exhaust her administrative remedies.")  However, when there is a timely filing of an EEOC charge, and alleged discriminatory or retaliatory conduct occurs after, the Eighth Circuit has held that a "plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Wallace v. Interbake Foods, LLC*, 973 F. Supp. 2d 1067, 1075 (D.S.D. 2013) (citing *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir.1986)); *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 673 (8th Cir. 2006); *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).  Plaintiff argues that certain of her state law claims do not require exhaustion; that some of her facts and allegations proposed in the new amended complaint address those questions raised by the defendants in their motion to dismiss; and that plaintiff's federal claims have in fact been exhausted and additional claims are related to the previously filed EEOC/NEOC charges.  She asks the Court to grant her leave to amend with those facts and allegations that are not subject to exhaustion.  After thoroughly reviewing the record, the Court agrees and will grant plaintiff's motion to file a second amended complaint.

**THEREFORE, IT IS ORDERED THAT:**

1.     Plaintiff's motion to amend her complaint, Filing No. 21, is granted to the extent that she amends to include only facts and allegations not subject to exhaustion for both the state and federal claims; that she be permitted to file allegations of continuing violations related to those claims already exhausted with the NEOC and EEOC; and that she be permitted to file amendments responding to the motion to dismiss.

2. Defendants' motion to dismiss, Filing No. 18, is denied.[2]

Dated this 16th day of July, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] The Court, while making no decisions as to the merits of the motion to dismiss, wishes to remind defendants that notice pleading is applicable in federal court. Plaintiff's complaint needs only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The depth of the factual analysis is more appropriate after discovery and on a motion for summary judgment but not at the pleadings stage of the litigation.